IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICIA GAYTON,
   Plaintiff,
      v.

TRUX TRANSPORTATION, INC., et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-3249-TWT

ORDER

This is a personal injury action. It is before the Court on Defendant Jeffrey Staley's Motion for Partial Summary Judgment [Doc. 34]. For the reasons set forth below, the Defendant's motion is GRANTED in part and DENIED in part.

I. BACKGROUND

On March 22, 2004, Defendant Jeffrey Staley was involved in a vehicular collision while driving a tractor trailer for his employer, Defendant Trux Transportation, Inc. The accident occurred when he collided with the rear of a landscaping truck and pushed that truck into a vehicle occupied by Patricia Gayton

and Tracy Meyer.[1]  As a result of this accident, Staley was cited for following too closely and paid a fine, but did not plead guilty.  A drug test administered after the collision also showed that he had marijuana metabolites in his system at the time of the incident.

The Plaintiff filed this action in the State Court of Cherokee County, Georgia on October 17, 2005.  It was subsequently removed to this Court based on diversity jurisdiction.  In the complaint, the Plaintiff alleges, *inter alia*, that she is entitled to punitive damages and attorney's fees based on these facts.  Staley has now filed a motion for partial summary judgment on these claims.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S.

---

[1] Meyer was a passenger in the Plaintiff's vehicle at the time of the collision.  She has filed a separate lawsuit arising out of the same facts.

317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. DISCUSSION

A. Punitive Damages

The Plaintiff contends that Staley's conduct in this action merits the award of compensatory and punitive damages. Georgia law provides that:

> Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

O.C.G.A. § 51-12-5.1(b) (emphasis added). Accordingly, something more than the commission of a tort is required to support a claim for punitive damages. MDC Blackshear, LLC v. Littell, 273 Ga. 169, 173 (2000); Cullen v. Novak, 201 Ga. App. 459, 460 (1991). Negligence alone, even gross negligence, will not provide the requisite support. MDC Blackshear, LLC, 273 Ga. at 173. Moreover, the alleged willful misconduct or aggravating circumstances must relate to the tort that is being sued upon. Carter v. Spells, 229 Ga. App. 441, 444 (1997) (Banke, J., concurring) (citing McNorrill v. Candler Gen. Hosp., Inc., 188 Ga. App. 636 (1988)). In automobile accident cases, specifically, a mere violation of a "rule of the road" will

not justify an award of punitive damages. Doctoroff v. Perez, 273 Ga. App. 560, 561 (2005). In considering whether to hold a driver liable for punitive damages for a collision, a court thus must consider certain factors present at the time of the collision such as "speeding, traveling too fast for conditions, driving under the influence of alcohol, ha[ving] an opportunity to avoid the collision, or act[ing] with such a willful and wanton lack of care as to entitle a jury to presume he was consciously indifferent to the consequences of his actions." Bartja v. National Union Fire Ins. Co. of Pittsburgh, Pa., 218 Ga. App. 815, 818 (1995).

Here, the Plaintiff cites two factors supporting her argument that a jury issue exists as to punitive damages. She points to the fact that (1) Staley was cited for following too closely and (2) he later tested positive for marijuana. Clearly, marijuana use is a violation of both Federal Motor Carrier Safety Administration ("FMCSA") regulations and Georgia Law. See 49 C.F.R. § 382.213(a) ("No driver shall report for duty or remain on duty requiring the performance of safety-sensitive functions when the driver uses any controlled substance..."); O.C.G.A. § 40-6-391(a)(6) (stating that it is illegal to have any amount of marijuana present in a driver's blood or urine).

The Defendant relies upon the Georgia Court of Appeals' decision in Coker v. Culter, 208 Ga. App. 651 (1993). There, the plaintiffs, who had been injured in a car accident, sued a defendant driver for punitive damages based on undisputed evidence

Case 1:05-cv-03249-TWT   Document 43   Filed 11/09/06   Page 5 of 12

that: (1) the driver had been speeding; (2) standing water was on the road; (3) road visibility was poor; (4) drug paraphernalia was found in the back of his car; and (5) his blood alcohol level one hour after the accident was .03 percent. Id. at 651-52. The Georgia Court of Appeals found punitive damages inappropriate under these circumstances. The court made clear that, even though there may have been evidence of gross negligence, none of these findings demonstrated culpable conduct sufficient to justify an award under O.C.G.A. § 51-12-5.1.

The Plaintiff contends, however, that Coker is inapplicable here because the defendant in that case had consumed only alcohol, which is legal under Georgia law, whereas Staley had an illegal substance in his system. She argues that because the FMCSA and Georgia law distinguish between marijuana and alcohol use for the purposes of regulating driver conduct, so too should this Court in determining the appropriateness of punitive damages. The distinction is not altogether persuasive. The dispositive issue is whether Staley's use of a controlled substance impaired his ability to drive such that a jury could find his conduct to be something more than negligent, i.e., reckless or intentional. Indeed, several courts from other jurisdictions have found that in a personal injury lawsuit, marijuana use is relevant only if impairment at the time of injury can be demonstrated. See Accu-Fab & Constr., Inc. v. Ladner, 778 So. 2d 766, 771-72 (Miss. 2001) (affirming trial court's exclusion of

prior marijuana use because there was no evidence of impairment at the time of the incident), overruled on other grounds by Mack Trucks, Inc. v. Tackett, 841 So. 2d 1107 (Miss. 2003); Hawthorne v. Dravo Corp., Keystone Div., 508 A.2d 298, 303 (Pa. Super. Ct. 1986) ("[W]here it cannot be established that the use of marijuana rendered a driver unfit to drive or impaired his or her ability to drive safely, the use of marijuana is inadmissible to prove recklessness or carelessness. In these situations the prejudicial impact of the evidence clearly outweighs any probative value that it may have."); Chicchi v. Southeastern Pa. Transp. Auth., 727 A.2d 604, 607 (Pa. Commw. Ct. 1999) ("Generally, the mere evidence of a party's consumption of alcohol or controlled substance is inadmissible to prove recklessness or carelessness of the party, unless it is established that the party was intoxicated and physically impaired at the time of the accident."); Klick v. Shelton, 1998 WL 733076, at *1 (Del. Super. Ct. Aug. 4, 1998) (granting the defendant's motion to dismiss the plaintiff's claim for punitive damages on the ground that the plaintiff could not provide any evidence that defendant was impaired by his prior use of marijuana at the time of the incident). On the record before the Court, neither party is entitled to judgment as a matter of law on the issue of impairment. Therefore, the claim for punitive damages based upon marijuana use must be submitted to the jury.

    B. Attorney's Fees

Staley also contends there is no justification for awarding attorney's fees in this case. A plaintiff may recover litigation expenses, including attorney's fees, "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense..." O.C.G.A. § 13-6-11. The Plaintiff contends that Staley has both demonstrated bad faith and been stubbornly litigious in this case.

First, as to bad faith, the Plaintiff claims that Staley's violation of Georgia law and FMCSA regulations creates a triable issue on attorney's fees. However, as stated by the Georgia Court of Appeals:

> [B]ad faith cannot be prompted by an honest mistake as to one's rights or duties but must result from some interested or sinister motive. Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will.

Rapid Group, Inc. v. Yellow Cab of Columbus, Inc., 253 Ga. App. 43, 49 (2001) (citations and punctuation omitted.) The Plaintiff has not shown that the Defendant acted in bad faith or because of ill will toward the Plaintiff.

The Plaintiff has also failed to provide any evidence that Staley has been stubbornly litigious. The Plaintiff claims first that Staley has been litigious by steadfastly denying liability even though he was charged with following too closely and then tested positive for marijuana immediately after the collision. The Plaintiff

thus maintains that there is no bona fide controversy, in which case forcing a litigant to go to court to collect "plainly caus[es] him to go to unnecessary trouble and expense." Webster v. Brown, 213 Ga. App. 845, 847 (1994) (citations and punctuation omitted). Attorney's fees are not authorized, however, if a bona fide controversy clearly exists between the parties. Anderson v. Cayes, 278 Ga. App. 592, 593 (2006).

The Plaintiff's contention that there can be no dispute as to liability because Staley paid a fine for following too closely is not supported by the case law. In Webster, an injured plaintiff sought damages including attorney's fees from a car accident in which the defendant pled guilty to making an improper left turn. Webster, 213 Ga. App. at 845. The Georgia Court of Appeals found that although the guilty plea was relevant to the issue of negligence, it did not establish as a matter of law that the defendant caused the accident. Id. at 848. Similarly here, Staley was cited for following too closely and paid a fine for that charge, but did not plead guilty.[2] Moreover, although Staley has conceded that he was partly liable for the collision, he has not admitted sole liability. He testified both that the brake lights on the

---

[2] This evidence is thus inadmissible, despite the fact that he paid a fine. Hillyer v. David Phillips Trucking Co., 606 F.2d 619, 620 (5th Cir. 1979); Waszczak v. City of Warner Robins, 221 Ga. App. 528, 529 (1996) ("[E]vidence of a nolo contendere plea to a traffic citation is inadmissible since it is not an admission of guilt.").

landscaping truck with which he collided were not operable and, even if they were operable, that they were obscured by shrubs in the back of the truck. (Staley's 1/19/06 Dep. at 86-88, 93-94, and 168-171.) Based on this evidence, a jury could reasonably find Staley was not solely liable for the collision, thus demonstrating a bona fide controversy as to liability.[3]

There is also evidence of a bona fide controversy as to the amount of damages due the Plaintiff. Documents submitted by the Defendant show that the Plaintiff submitted a settlement proposal offering to settle the claims of the Plaintiff and Meyer for the $1,000,000 limit of insurance coverage available. (Def.'s Mot. for Part. Summ. J., Ex. C.)[4] However, the Defendants were given only eleven days to accept

---

[3] The Plaintiff cites Beaudry Ford, Inc. v. Bonds, 139 Ga. App. 230 (1976), as support for her position that Staley cannot rely on a damages dispute to avoid attorney's fees. A closer examination of this case reveals its inapplicability here. In Beaudry Ford, a car owner filed suit after his car disappeared from the defendant's shop. Throughout the litigation, the defendant denied any liability for the loss. The jury gave plaintiff an award for the loss of his automobile, as well as for attorney's fees. On appeal, the defendant argued that because the jury did not award the plaintiff the full award he sought for the car, there existed a genuine dispute as to damages. The Georgia Court of Appeals found, however, that because the defendant had been intractable in its denial of liability, it could not raise the issue of damages on appeal. Specifically, the court stated that the rationale for denying attorney's fees based on a legitimate dispute as to damages was "simply inapt in this case." Id. at 231. Here, Staley has contested both his liability and the amount of damages from the outset. Beaudry Ford is thus inapplicable.

[4] The Plaintiff contends that the Court should not consider this evidence of settlement because these negotiations are inadmissible under Federal Rule of Evidence

or reject this offer.  They claim, and the Plaintiff does not dispute, that when they requested more time in order to wait for receipt of the Plaintiff's and Meyer's medical records as well as testimony from the claimants' then unnamed expert, the Plaintiff's counsel refused to comply.  Moreover, a wide disparity existed between the amount of damages demanded by the Plaintiff and the amount of the Plaintiff and Meyer's actual medical bills.  This provides evidence of a bona fide controversy as to damages. See Third World, Ltd. No. II, Inc. v. Brewmasters of Augusta, Inc., 155 Ga. App. 352, 354 (1980) ("The disparity between the amount of damages prayed for and the amount awarded indicates that there was a bona fide controversy at least as to the amount of Third World's liability..."); Georgia-Carolina Brick & Tile Co. v. Brown, 153 Ga. App. 747, 753 (1980) (stating that "the disparity in verdict and demand indicates . .

---

408 and Local Rule 7.4, which prohibits counsel from providing the Court with copies of correspondence between the parties.  Both citations are inapplicable here.  As Staley correctly points out, although evidence of settlement negotiations cannot be used to prove liability, they are admissible for other purposes.  The Georgia Court of Appeals specifically found in Webster that the defendant's offer to compromise could be considered in determining whether litigation expenses were appropriate.  Webster, 213 Ga. App. at 847; see also U-Haul Co. of Western Georgia v. Ford, 171 Ga. App. 744, 745 (1984) (holding that evidence of settlement negotiations is admissible for the purposes of an O.C.G.A. § 13-6-11 claim).

   The Plaintiff also misreads Local Rule 7.4.  The rule is intended to regulate the correspondence between the parties and the judge.  It thus prohibits parties from copying the Court on correspondence relating to disputed issues during the course of the lawsuit.  The rule does not in any way restrict parties from including correspondence as exhibits to motions.

. that there was a bona fide controversy at least as to the amount of liability"). Accordingly, the Court finds as a matter of law that Staley has not shown stubborn litigiousness in forcing the Plaintiff to file suit.

The Plaintiff argues, finally, that Staley's actions during the course of this litigation demonstrate stubborn litigiousness. Specifically, she points both to lies Staley told during his deposition and to counsel's concealment of the results of Staley's drug test until after his first deposition. However, Georgia's courts have clearly stated that "a claim under OCGA § 13-6-11 applies to a defendant's conduct before the commencement of litigation, and necessarily does not encompass conduct in the course of litigation." Harkleroad & Hermance, P.C. v. Stringer, 220 Ga. App. 906, 909 (1996); accord Padgett v. Moran, 167 Ga. App. 244 (1983); Raybestos-Manhattan, Inc. v. Friedman, 156 Ga. App. 880, 883 (1981); see also Windermere, Ltd. v. Bettes, 211 Ga. App. 177, 179 (1993) ("The bad faith referred to in OCGA § 13-6-11, in actions sounding in tort, means bad faith in the transaction out of which the cause of action arose.") (punctuation omitted).[5] Thus, any alleged

---

[5] A separate provision in the Federal Rules of Civil Procedure, Rule 37, provides for discovery sanctions, including payment of reasonable expenses and attorney's fees, when a party makes a false or misleading disclosure during discovery. See Carter v. General Car and Truck Leasing Sys., Inc., 218 F.R.D. 180, 182 (N.D. Iowa 2001).

stubbornly litigious conduct occurring over the course of this litigation cannot justify an award of attorney's fees under this statute. Accordingly, Staley's motion for summary judgment on the issue of attorney's fees should be granted.

## IV. CONCLUSION

For the reasons set forth above, Defendant Jeffrey Staley's Motion for Partial Summary Judgment [Doc. 34] is GRANTED in part and DENIED in part.

SO ORDERED, this 9 day of November, 2006.


                /s/Thomas W. Thrash
                THOMAS W. THRASH, JR.
                United States District Judge